## Piper v. Oakes

723

*Daniel M. Frey*, for plaintiffs.
*Kenneth Lee Rotz*, for defendants.

SPICER, *P.J.*, April 26, 1979—Plaintiffs have brought an action of mortgage foreclosure and defendants have filed preliminary objections in the nature of a motion to dismiss and in the nature of a demurrer. The basis for both is that plaintiffs have failed to comply with the requirements of the Act of January 30, 1974, P.L. 13, and specifically, with the provisions of 41 P.S. §403 and §404.

Plaintiffs, while admitting the applicability of the act and that they have not technically complied,

argue substantial compliance and urge the court to dismiss the objections because of their technical nature and lack of substantive merit. The sections in question read as follows:

"§403. Notice of intention to foreclose

"(a) Before any residential mortgage lender may accelerate the maturity of any residential mortgage obligation, commence any legal action including mortgage foreclosure to recover under such obligation, or take possession of any security of the residential mortgage debtor for such residential mortgage obligation, such person shall give the residential mortgage debtor notice of such intention at least thirty days in advance as provided in this section.

"(b) Notice of intention to take action as specified in subsection (a) of this section shall be in writing, sent to the residential mortgage debtor by registered or certified mail at his last known address and, if different, at the residence which is the subject of the residential mortgage.

"(c) The written notice shall clearly and conspicuously state: (1) The particular obligation or real estate security interest; (2) The nature of the default claimed; (3) The right of the debtor to cure the default as provided in section 404 of this act and exactly what performance including what sum of money, if any, must be tendered to cure the default; (4) The time within which the debtor must cure the default; (5) The method or methods by which the debtor's ownership or possession of the real estate may be terminated; and (6) The right of the debtor, if any, to transfer the real estate to another person subject to the security interest or to refinance the obligation and of the transferee's right, if any, to cure the default.

"(d) The notice of intention to foreclose provided

in this section shall not be required where the residential mortgage debtor, has abandoned or voluntarily surrendered the property which is the subject of a residential mortgage.

"§404. Right to cure a default

"(a) Notwithstanding the provisions of any other law, after a notice of intention to foreclose has been given pursuant to section 403 of this act, at any time at least one hour prior to the commencement of bidding at a sheriff sale or other judicial sale on a residential mortgage obligation, the residential mortgage debtor or anyone in his behalf, not more than three times in any calendar year, may cure his default and prevent sale or other disposition of the real estate and avoid acceleration, if any, by tendering the amount or performance specified in subsection (b) of this section.

"(b) To cure a default under this section, a residential mortgage debtor shall: (1) Pay or tender in the form of cash, cashier's check or certified check, all sums which would have been due at the time of payment or tender in the absence of default and the exercise of an acceleration clause, if any; (2) Perform any other obligation which he would have been bound to perform in the absence of default or the exercise of an acceleration clause, if any; (3) Pay or tender any reasonable fees allowed under section 406 and the reasonable costs of proceeding to foreclosure as specified in writing by the residential mortgage lender actually incurred to the date of payment; (4) Pay any reasonable late penalty, if provided for in the security document.

"(c) Cure of a default pursuant to this section restores the residential mortgage debtor to the same position as if the default had not occurred."

Defendants argue plaintiffs have failed to comply with the sections by: (a) mailing the notice first

class mail rather than registered or certified; (b) setting forth only the amount of money required to cure the default within 30 days but not the amount required to cure the default if paid within one hour prior to sheriff's sale; (c) failing to set forth precisely what attorney's fees would be incurred after 30 days and only stating that defendants should contact plaintiffs' attorney for those amounts; and, (d) failing to "conspicuously" set forth the matters in the notice required by section 403.

Turning our attention to the matter of the amount of money that the notice stated would be required to cure default, we are satisfied that the notice complies with the requirements of the act. Since section 404(b)(3) requires payment of those fees and costs "actually incurred to the date of payment," it would be impossible to set forth the precise amount of those sums in the notice. We feel that the notice states the only thing that could be stated—that defendants would have to pay and that the figures would be provided on request.

Defendants cite the case of Charles H. Salmon Building & Loan Assoc. v. Mroz, 6 D. & C. 3d 59 (1977), to the effect that the term "conspicuously" is defined by the same standards used in the Uniform Commercial Code of April 6, 1953, P.L. 3, as amended, 12A P.S. §1-201(10), which provides:

"(10) 'Conspicuous': A term or clause is conspicuous when it is so written that a reasonable person against whom it is to operate ought to have noticed it. A printed heading in capitals (as: NON-NEGOTIABLE BILL OF LADING) is conspicuous. Language in the body of a form is 'conspicuous' if it is in larger or other contrasting type or color. But in a telegram any stated term is 'con-

spicuous'. Whether a term or clause is 'conspicuous' or not is for decision by the court." 12A P.S. §1-201(10).

Thus, defendants argue that because plaintiffs did not provide the information in capital letters, or underlined, or in different color, it fails to meet the standard of conspicuous.

However, we must note that there are six items of information that must conspicuously be stated. If all were placed in capital letters, or all underlined, it could be surmised that they all look the same, and therefore, none are conspicuous. On the other hand, if some are placed in capitals, or underlined, or in colored ink, it can be surmised that only some are conspicuous.

All in all, plaintiffs' notice is easily understood. It was written with an obvious attempt to comply with the provisions of the act. We believe that a common sense approach must be followed in this case and that would mean that this notice is clear and conspicuous enough. However, the court feels that for future cases, the required notices should be paragraphed in the same numbers and sequence as in the act.

It is true that the notice was not sent registered mail. However, obviously, defendants received it. Although the act speaks as if establishing a condition precedent for an action of mortgage foreclosure, the right to foreclose is not established by the act. Thus, treatment of this case would differ from an action arising out of a statutorily created right, such as a mechanics lien action. While the act establishes safeguards for residential mortgagors on default, practice and procedures are still governed by Pa.R.C.P. 3183(b) which allows the court to

order a stay in execution for legal or equitable grounds. Pa.R.C.P. 126 allows us to dispose of these objections in a manner most likely to effectuate a just and speedy resolution of this case.

Plaintiffs have technically failed to comply with a law and, therefore, the motion to strike is available. The demurrer is not. In order to effectuate justice, the court feels the proper disposition of this case will be to dismiss the preliminary objections but to stay execution and allow defendants the right to cure by paying the total amount of installment payments due within the time allowed by the act.

Therefore, the attached order will be entered.

### ORDER

And now, April 26, 1979, defendants' preliminary objections are overruled; however, execution is stayed for 30 days and defendants are given leave to cure the mortgage default by making payment of all installment payments then due and owing within that time.