**Gettysburg National Bank v. Trace**

*Henry O. Heiser, III,* for plaintiff.
*Kenneth Lee Rotz,* for defendants.

SPICER, *P.J.,* March 21, 1980—This case comes before the court on defendants' preliminary objections to plaintiff's complaint in mortgage foreclosure. The preliminary objections are in the nature of a motion to strike, a motion to dismiss, and a demurrer.

Defendants argue that the notice provided them did not conform to the requirements of the Act of January 30, 1974, P.L. 13, 41 P.S. §§403 and 404. Therefore, they submit that plaintiff is not entitled to maintain this action in mortgage foreclosure.

Plaintiff responds that it has complied, especially in light of this court's opinion in Piper v. Oakes, 10 D. & C. 3d 722, 20 Adams 203 (1979). Defendants argue that this court's opinion in Piper runs contrary to law in Pennsylvania and should be changed.

The preliminary objections are based on six separate assignments of error which can be categorized in three classifications. First, it is argued that service was improperly effected. Second, defendants say the notice did not conspicuously state the requirements of the act above cited, and thirdly, they say the notice did not set forth the information required in the act.

Service in this case was effected by personally handing the notice to defendants. This is perhaps better service than the law requires but it is defective. The act requires service by certified or registered mail. "Where a specified mode of giving notice is prescribed by statute, that method is exclusive." 58 Am. Jur. 2d Notice §22; 29 P.L.E. Notice §4; Potter Title & Trust Co. v. Berkshire Life Ins. Co., 156 Pa. Superior Ct. 1, 39 A. 2d 268 (1944); Elfman, Point Bar, Liquor License Case, 212 Pa. Superior Ct. 164, 240 A. 2d 395 (1968); Gramley v. City of Williamsport, 66 D. & C. 2d 495 (1974).

This, however, for reasons discussed, infra, does not end the matter.

Defendants argue that this court's reasoning and holding in Piper v. Oakes, supra, was wrong in two respects. It is said the court erred in not adopting the definition of "conspicuous" set forth in the Act of April 6, 1953, P.L. 3, as amended, 12A P.S. §1-201 (10). [See now 13, Pa.C.S.A.]

It is true that there are some decisions in the Commonwealth holding the Uniform Commercial Code definition to apply. We have the greatest respect for these opinions but can only say we do not agree for reasons set forth in Piper v. Oakes, supra.

There are no Pennsylvania decisions which interpret the requirement that notice under 41 P.S. §403 state items of information "clearly and conspicuously." This precise issue was not raised in Ministers and Missionaries Benefit Board of American Baptist Churches v. Goldsworthy, 253 Pa. Superior Ct. 321, 385 A. 2d 358 (1978). However, an examination of the notice involved in that case reveals it to have been very similar to the one sent in this case. Our reading of the Superior

Court's opinion indicates to us that a common-sense approach was followed in Goldsworthy. This is consistent with our holding in Piper, supra.

In the absence of appellate authority, this court sees no reason to change its holding in Piper, supra.

Defendants further maintain this court's holding in Piper is contra the holding in Goldsworthy because of the treatment of the statutory provisions requiring notice as a condition precedent. We did not, despite defendants' understanding to the contrary, hold that the required notice was not a condition precedent to the maintenance of the action. Obviously, the act specifically states that notice is a condition precedent. The Superior Court in Goldsworthy, supra, spoke in terms of the act's effect to "merely postpone the exercise of the right to accelerate until after the mortgagor has received notice of and an opportunity to cure a default." 253 Pa. Superior Ct. 331.

In Piper v. Oakes, supra, we noted that the right of a mortgagee to accelerate payment and to foreclose was not established by the act, supra. Goldsworthy is in accord. Therefore, we reasoned that this case is not like a case involving a statutorily conferred right, such as the right to file a mechanic's lien. In a situation involving a statutorily conferred right, if the requirements of the statute are not strictly observed, the case must be dismissed.

It is the Rules of Civil Procedure which govern this case once it is instituted. Rule 126 reads:

"The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or

proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties."

Plaintiff has technically failed to comply with the requirements of the act. The alternatives presented to the court, then, are either to dismiss the proceedings, or order some other disposition which will effectuate a just and speedy resolution of this case.

In Piper v. Oakes, supra, we postponed a mortgagee's right to proceed for a period of 30 days and gave the mortgagors the right to cure within that period without liability for costs or attorney's fees. The same disposition would seem appropriate in this case.

To dismiss the case and require plaintiff to begin over again to cure a technical deficiency does not seem appropriate unless defendants would be benefited. Unless receiving a notice by mail instead of personally could be said to be a benefit, we can see none. Their standard of performance to cure will remain unchanged. The amounts of money required will continue to increase whatever our disposition.

The notice given stated that defendants could cure within 30 days by paying $4,153.50 and by paying that sum plus the amount of monthly installments due up until one hour before the time set for sheriff's sale.

We think an appropriate disposition of this case, given the technical deficiency in the manner of service, is to postpone plaintiff's right to proceed for 30 days and to give defendants the right to cure by paying a sum determined as mentioned in the preceding paragraph.

## ORDER

And now, March 21, 1980, plaintiff's right to proceed is stayed and postponed for a period of 30 days in which time defendants shall have the right to cure default by paying the total installments then due and owing as calculated under the mortgage. Defendants shall have the same right up until one hour prior to any sheriff's sale. If cure is effected in this manner, defendants shall not be liable for costs or attorney's fees. Defendants' preliminary objections are dismissed.