## Ertel v. Seitzer

*Charles A. Szybist,* for plaintiffs.
*Norman Lubin,* for defendants.

WOLLET, J. *J.,* August 16, 1982 — This action was commenced by complaint in assumpsit filed May 13, 1982. Attached to and made part of the complaint is a demand note for $8,200 which forms the basis of the complaint. It is alleged that defendants executed this note to the order of plaintiffs, and have failed to make payment despite demands

by plaintiffs. Also attached to and made part of the complaint is a copy of a notice of intention to foreclose sent to defendants by plaintiffs. That notice indicated that defendants' house was pledged as security for the note, and demands payment within 35 days. The notice obviously is an attempt to conform with "Act 6," which requires notice with certain specific information to be given to a residential mortgage debtor before legal action may be commenced. Section 403 of the Act of January 30, 1974, P. L. 13, no. 6, 41 P.S. §403.

The first two preliminary objections contend that the complaint fails to allege the time and manner in which demand for payment upon the note is made. The specificity that defendants seek is easily found in the Act 6 notice, which is dated February 5, 1982, and is itself the manner in which at least one demand was made upon defendants. Therefore, preliminary objections 1 and 2 are without merit and are overruled.

Defendants' third and final preliminary objection alleges failure to comply with the strict requirements of Act 6. The notice was addressed to defendants jointly and one notice apparently was sent, addressed to both defendants. Thus, service of the notice does not comply with the requirement of 41 P. S. §403(6), which would require that each debtor be sent a notice. The service requirements of Act 6 must be strictly construed. Gettysburg National Bank v. Trace, 13 D. & C. 3d 679 (1980); Piper v. Oakes, 10 D. & C. 3d 722 (1979). This court is in agreement with the disposition of President Judge Spicer in the Gettysburg National Bank and Piper cases. Since the Act 6 notice was improperly served, defendants are entitled to prevail on a motion to strike the complaint. However, sending of a new notice and refiling of a complaint shall not be required.

Rather, defendants are deemed to have received proper notice as of the date of this opinion and order. Thus, further proceedings shall be stayed for 30 days from this date, giving defendants an opportunity to cure the default in payment by making payment in accordance with the terms of that notice within that time. Similarly, defendants shall have 20 days from the date by which they may cure said default in payment to file an answer to the complaint.

## ORDER

And now, August 16, 1982, defendants' preliminary objections 1 and 2 are overruled. Defendants's preliminary objection 3 in the nature of a motion to strike is sustained, and further proceedings upon the complaint are hereby stayed for 30 days, or until September 15, 1982. Therefore, in the event that the default is not cured, the complaint shall be deemed filed on September 15, 1982, and defendants shall be permitted to file an answer to the complaint within 20 days of that date.