632 F.Supp. 9 (1986)
MAIN LINE FEDERAL SAVINGS AND LOAN ASSOCIATION
v.
Frederick P. JOYCE and Helen B. McHugh a/k/a Helen Joyce
v.
Samuel PIERCE, Secretary of Housing and Urban Development
and
United States Department of Housing and Urban Development.
Civ. A. No. 85-6830.
United States District Court, E.D. Pennsylvania.
April 8, 1986.
*10 Frank Federman, Philadelphia, Pa., for plaintiff.
Serena Dobson, Asst. U.S. Atty., Philadelphia, Pa., for Federal defendants.
Henry J. Sommer, Community Legal Services, Philadelphia, Pa., for Joyce, et al.

MEMORANDUM and ORDER
JOSEPH S. LORD, III, Senior District Judge.
Plaintiff, a residential mortgage lender, filed this mortgage foreclosure action in the Philadelphia Court of Common Pleas against defendants Frederick and Helen Joyce, residential mortgage debtors. Additional defendant Department of Housing and Urban Development removed this suit to federal court. Defendant Helen Joyce has filed a motion to dismiss. For the reasons that follow defendant's motion will be granted.
Before a residential mortgage lender may commence any legal action to recover under a residential mortgage obligation it must make certain specific disclosures to the residential mortgage debtor. 41 Pa. S.A. § 403 (1985). Giving proper notice pursuant to § 403 is a jurisdictional prerequisite to the mortgage lender's suit, and failure to do so deprives the court of subject matter jurisdiction. See Delaware Valley Sav. & Loan Ass'n v. Mullin, No. 3150, November Term, 1984 (C.P.Phila. County, December 17, 1985).
Defendant raises numerous alleged defects in plaintiff's notice. I need only consider one to determine that I lack subject matter jurisdiction to hear this suit.
Proper notice must "clearly and conspicuously state ... [t]he right of the debtor to cure the default ... and exactly what ... sum of money, if any, must be tendered to cure the default...." 41 Pa.S.A. § 403(c)(3).
Plaintiff's notice informed the defendants that they were in default because they had failed to make four monthly payments of $221.00 each and six monthly payments of $227.00 each. It also informed defendants that they were liable for late and other charges totaling $78.16. When the proper calculations are made from the information provided in the notice it is apparent that the defendants owed the plaintiff $2,324.16. Plaintiff, however, informed the defendants that in order to cure their default they would be required to tender $2,623.60. The notice lacks any explanation as to how plaintiff arrived at this figure.
"[E]very debtor is at least entitled to know precisely how the total amount required to cure his default has been calculated." Fidelity Consumer Discount Co. v. Staton, No. 3847, May Term, 1981, slip op. at 5 (C.P.Phila.County, January 18, 1982). Inexplicable calculations or mathematical errors constitute improper notice and are grounds for dismissal. See id.; Credico Consumer Discount Co. v. Jones, No. 1129, November Term, 1982 (C.P.Phila. County, October 21, 1983).
Plaintiff's notice to the defendants was deficient in this respect and its complaint, therefore, will be dismissed. I express no opinion concerning the other alleged defects in plaintiff's notice raised by the defendants.