## Central Savings & Loan Association v. Reckart

*Michael S. Grab,* for plaintiff.
*Michael W. Flannelly,* for defendant.

KUHN,*J.,* July 3, 1992—This case involves a mortgage foreclosure action by plaintiff, Central Savings & Loan Association, t/d/b/a Central Savings Bank, Pa. S.A., and against defendants, Andrew W. Reckart and Mary Lou Reckart, both of 87 Kimberly Lane, New Oxford, Adams County, Pennsylvania. Plaintiff alleges that defendants are in default of their residential mortgage by failure to make payments when due.

The central issue at this juncture is whether the notice given defendants complied with the provisions of Act 6 of 1974, 41 P.S. §403, and the Homeowners Emergency Assistance Act, 35 P.S. §1680.401C. The notices were addressed to both defendants, placed in the same envelope, sent by certified mail, and signed for by Mr. Reckart only on April 18, 1991.

Act 6 provides, in part:

"§403. *Notice of Intention to Foreclose—*

"(a) Before any residential mortgage lender may accelerate the maturity of any residential mortgage obligation, commence any legal action including mortgage foreclosure ... such person shall give the residential mortgage debtor notice of such intention at least 30 days in advance as provided by this section.

"(b) Notice of intention to take action as specified in subsection (a) of this section shall be in writing, sent to the residential mortgage debtor by registered or certified mail at his last known address...." 41 P.S. §403(a) and (b).

The Homeowners Emergency Assistance Act likewise provides, in part:

"§1680.402C. *Notice and Institution of Foreclosure Proceedings—*

"(a) Before any mortgage may accelerate the maturity of any mortgage obligation covered under this article, commence any legal action including mortgage foreclosure to recover under such obligation ... such mortgagee shall give the mortgagor notice as described in section 403-C...." 35 P.S. §1680.402C.

Defendants argue that plaintiff's failure to issue separate notices to each defendant deprives this court of subject matter jurisdiction and cites *Ertel v. Seitzer,* 31 D.&C.3d 332 (1982), *Main Line Federal Savings & Loan Association v. Joyce,* 632 F.Supp. 9 (E.D. Pa. 1986) and *Philadelphia Housing Authority v. Barbour,* 405 Pa. Super. 140, 592 A.2d 47 (1991), *alloc. granted,* 598 A.2d 284 (1991) to support their position.

In *Ertel,* the court held that a single notice addressed to both mortgagors did not comply with the service requirements of Act 6. However, citing the opinion of President Judge Oscar F. Spicer of this court in *Gettysburg National Bank v. Trace,* 13 D.&C.3d 679 (1980), the court ruled that sending a new notice and refiling of a complaint was unwarranted and instead determined that both mortgagors were deemed to have received proper notice as of the date of its order. The mortgagors were given 30 days to cure the default and then 20 additional days to file an answer.

Although *Main Line* contains a statement that the giving of proper notice pursuant to §403 is a jurisdictional prerequisite to a mortgagee's suit and failure to do so deprives the court of subject matter jurisdiction that case is not on point with the matter sub judice. There the complaint

was dismissed because the notice failed to advise the debtors how the amount needed to cure the default was calculated.

Likewise, the *Barbour* decision is not helpful because it did not deal with the issue of notice in a mortgage foreclosure action.

Plaintiff requests that the court adopt the stance taken by *Ertel* and *Trace*. Although *Trace* dealt with the technical deficiency of personal service of the required notice instead of service by certified mail, the rationale is equally applicable. Judge Spicer felt, pursuant to Pa.R.C.P. 126, to begin again to cure a technical deficiency would not seem appropriate unless the debtors would be benefited. Here, the only benefit defendants may receive by dismissal is a slight delay. The default, if any, continues and would increase if action to cure is not taken. A delay of 30 days to cure the default as granted by *Ertel* and *Trace* seems appropriate.

Frankly, this approach is taken out of an abundance of caution. Act 6 and HEMA are not as precise in defining the notice requirements as in some other statutory notice provisions, such as §602 of the Real Estate Tax Sale Law, 75 P.S. §5860.602 where notice of a pending tax sale must be sent by certified mail "to each owner." *Teslovich v. Johnson,* 486 Pa. 622, 406 A.2d 1374 (1979). As noted above, the statutory provisions now before the court merely provide that notice be sent "to the mortgage debtor" or to the "mortgagee." In fact, notice was sent to the mortgagees in this case, albeit in one envelope. Without doubt Mr. Reckart received the notice. Mrs. Reckart has never alleged that she did not receive the notice. There is authority that actual receipt is not an essential element to fulfillment of the notice requirements.

*Second Federal Savings & Loan Association of Wilkes-Barre v. Van Why,* 29 D.&C.3d 675, 681 (1983). In the case sub judice, where proper notice was sent to the debtors at their last known address, where debtor-husband signs the certified mail receipt, the debtors are residing together as husband and wife, and debtor-wife has not alleged nonreceipt of the notices contained in the envelopes nor unawareness of its contents, this court will not dismiss the complaint.

Accordingly, the attached order is entered.

## ORDER OF COURT

And now, July 3, 1992, upon consideration of the motion for judgment on the pleadings asserted by plaintiff, Central Savings Bank, Pa. S.A., it is hereby ordered, adjudged and decreed that a partial judgment on the pleadings is hereby granted with regard to the allegations set forth in paragraphs 16, 17 and 18 of defendant's new matter and that, accordingly, any action in this matter is stayed for a period of 30 days from the signing of this order.