773 A.2d 122

GE CAPITAL MORTGAGE SERVICES, INC., PLAINTIFF, v. IRVING WEISMAN; I. WEIS CORP.; UNKNOWN OC- CUPANTS OR TENANTS 1–10; DEFENDANTS.

Superior Court of New Jersey
Chancery Division
Ocean County

Decided September 8, 2000.

*Vincent Dimaiolo*, for the plaintiff (*Fein, Such, Kahn, & Shepard*, attorneys).

*Steven Pfeffer*, for the defendants, Irving Weisman and I. Weis Corp. (*Levin, Shea, Pfeffer & Topas*, attorneys).

CLYNE, P.J.Ch.

In this residential foreclosure action, plaintiff moves to strike defendants' responsive pleadings. Defendants oppose, asserting that they did not receive the notice of intention required

by the Fair Foreclosure Act (hereinafter "FFA"). *N.J.S.A.* 2A:50–53 to –68. The FFA requires that before a residential mortgage lender may "commence" a foreclosure action it must first serve, by registered or certified mail, a notice of intention (hereinafter "NOI") to file such proceedings. *N.J.S.A.* 2A:50–56(b).

An officer of the plaintiff bank certified that plaintiff bank's customary business practice is to mail the NOI, in accordance with the statute, before referring the matter to its attorney with instructions to proceed with a foreclosure action. While plaintiff has produced an internal copy of the NOI allegedly sent, plaintiff is unable to produce: (1) a Postal Service certified mail receipt indicating that plaintiff has sent the NOI via certified mail to defendants; (2) a Postal Service return receipt verifying that the defendants received the NOI; or (3) a certification of mailing signed by the bank employee who mailed the NOI, contemporaneously memorializing that fact.

■ The court must decide whether a plaintiff's inability to demonstrate compliance with the NOI provision of the FFA requires the dismissal of the plaintiff's complaint. In the event of dismissal, plaintiff would have to serve a new NOI upon defendants, wait thirty days, and if defendants fail to cure the deficiency, again file the foreclosure action. The court notes that we are not dealing with either total noncompliance with the FFA's NOI requirements, or bad faith on the part of the plaintiff, but merely plaintiff's inability to locate the records demonstrating service.

There are no reported New Jersey decisions dealing with this specific issue. However, Pennsylvania adopted a statute, similar to New Jersey's FFA, and its courts have addressed the impact of the failure to establish compliance with NOI requirements. 41 *Pa. Cons.Stat. Ann.* § 101—605. (commonly known as "Act 6"). The results of the Pennsylvania cases interpreting the statute are disparate. One line of Pennsylvania cases view inability to establish compliance with the NOI requirement as jurisdictional, and therefore dismiss such actions. *Bankers Trust Company v. Foust,*

424 *Pa.Super.* 89, 621 *A.*2d 1054 (1993), *appeal denied* 535 *Pa.* 635, 631 *A.*2d 1007 (1993); *Philadelphia Housing Auth. v. Barbour,* 405 *Pa.Super.* 140, 592 *A.*2d 47 (1991), *aff'd* 532 *Pa.* 212, 615 *A.*2d 339 (1992); *Main Line Federal Savings and Loan Ass'n v. Joyce,* 632 *F.Supp.* 9 (E.D.Pa.1986). Other Pennsylvania courts hold that the right of a mortgagee to accelerate and foreclose exists independently of the statute, and that the notice requirements represent a condition precedent to the commencement of a foreclosure action. Thus, a technical failure to comply with the NOI requirement can be corrected by postponing plaintiff's right to proceed for thirty days and giving defendants the right to cure during that period without liability for costs and attorneys fees. *Gettysburg Nat'l Bank v. Trace,* 13 *Pa. D. & C.3d* 679 (C.P. Adams County 1980); *Central Savings and Loan Ass'n v. Reckart,* 15 *Pa. D. & C.4th* 105 (C.P. Adams County 1992); *Ertel v. Seitzer,* 31 *Pa. D. & C.3d* 332 (C.P. Lycoming County 1982).

In *Gettysburg Nat'l Bank, supra,* the court recognized that once a case is instituted, it is governed by the Rules of Civil Procedure.. Pennsylvania Court Rule 126 reads,

[t]he rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties.

[Pa.R.C.P. No. 126]

The Pennsylvania court, reviewing a bank's failure to comply with the requirements of Act 6, weighed two alternatives: either to dismiss the proceedings, or to order some other disposition, which would effectuate a just and speedy resolution of the case. It found support in *Piper v. Oakes,* 10 *Pa. D. & C.3d* 722 (C.P. Adams County 1979), concluding that it should postpone the mortgagee's right to proceed for a period of thirty days and gave the mortgagors the right to cure within that period without liability for costs and attorneys fees.

The New Jersey Rules of Court have a rule similar to Pennsylvania's Rule 126. *R.* 1:1–2 provides:

[t]he rules ... shall be construed to secure a just determination, simplicity of procedure, fairness in administration and the elimination of unjustifiable expense and delay. Unless otherwise stated, any rule may be relaxed or dispensed with by the court in which the action is pending if adherence to it would result in an injustice. In the absence of the rule, the Court may proceed in any manner compatible with these purposes ....

The court recognizes that it is interpreting a statute as opposed to a court rule. The Pennsylvania court confronted the same circumstance in *Gettysburg Nat'l Bank, supra.* Moreover, the New Jersey Supreme Court determined that statutory proscriptions regarding court processes are subject to the rule making power of the Supreme Court. *Winberry v. Salisbury,* 5 *N.J.* 240, 255, 74 *A.*2d 406 (1950); *See also, State of New Jersey v. Loftin,* 157 *N.J.* 253, 284 n. 6, 724 *A.*2d 129 (1999).

As in *Gettysburg Nat'l Bank v. Trace,* this court is faced with the same alternatives; either it should dismiss this proceeding, requiring plaintiff to reinstitute the foreclosure action, or order some other disposition which would effectuate a just and speedy resolution of the case. The court finds that under the alternative relief plaintiff requests, defendants would be given all that they would have been entitled to prior to the commencement of the case. The plaintiff would not be prejudiced by having to bear the cost and time of having to reinstate the foreclosure action, nor would valuable court resources be wasted through this repetitive action. Under the circumstances, equitable considerations call for the alternative relief requested to be granted.

In reaching this decision, the court analogizes the NOI requirements of the FFA to similar requirements contained in *R.* 1:20A–6, requiring attorneys to give pre-action notice to clients before instituting suits to recover fees. Under this rule, attorneys may not file suit to recover a fee until the expiration of a thirty day period from the notice. The rule expressly provides that failure to allege the giving of such notice will result in the dismissal of the complaint. Initially, the court finds that the FFA does not contain any express language requiring dismissal. Second, the court notes that even were the FFA to contain language mirroring the

rule, that language merely requires dismissal where plaintiff fails to plead the giving of notice. In the case at hand, the plaintiff claimed compliance with the NOI requirements of the FFA, but is unable to prove compliance despite a denial of receipt by the mortgagor.

Based on the foregoing, plaintiff is directed to forward, within ten days, by certified mail, return receipt requested, a new notice of intention setting forth the information required by the FFA. The defendants shall have thirty days from the mailing of the notice to reinstate the mortgage without liability for costs and attorneys fees. The notice shall not contain any fees or costs associated with the foreclosure action, but only those fees and costs which would have been due had no foreclosure been commenced. Plaintiff's motion to strike defendants' responsive pleadings shall be adjourned to the first motion date after expiration of the period defendants have to cure the deficiency. In the event that defendants fail to reinstate during that period, plaintiff shall be permitted to submit a certification verifying that the defendants have not reinstated within the time allotted, at which time plaintiff's motion to strike shall be granted. In the event that the defendants exercise their right to cure, defendants should submit a certification to that effect, and the foreclosure action shall be dismissed.

This procedure provides the defendants that which they were entitled to prior to the commencement of the foreclosure action without unduly prejudicing plaintiff by requiring that the foreclosure action be recommenced.