16 A.3d 1132 (2010)
419 N.J. Super. 336
The BANK OF NEW YORK MELLON the Bank of New York Trustee under the Pooling and Servicing Agreement Series 2004-24 CB, Plaintiff,
v.
George S. ELGHOSSAIN and Mona C. Elghossain, Defendants.
No. F-13402-10
Superior Court of New Jersey, Chancery Division, Middlesex County.
Decided December 23, 2010.
*1133 Steven D. Krol and Christopher G. Ford, for plaintiff (Zucker, Goldberg & Ackerman, LLC, attorneys).
George S. Elghossain, defendant pro se.
BERMAN, J.S.C.
In today's widespread foreclosure litigation, the specific fact pattern this court addresses appears not to have been squarely decided before: does a mortgage lender's "servicer's" Notice of Intent to Foreclose satisfy the statutory mandates that notice be provided by the lender and that the lender as well as the lender's representative be identified in that notice. The lender and the lender's representation must be identified in the notice. Having not done so here, the motion is deficient. The foreclosure complaint is dismissed without prejudice.
The relevant facts, which are not disputed, may be summarized as follows. On or about August 2, 2004, defendants executed a note to New Millennium Bank in the amount of $260,000 ("the Note"), with a term of thirty years at an interest rate of 6.25% per annum. Defendants also executed a non-purchase money mortgage to New Millennium Bank ("the Mortgage") on or about August 2, 2004, which was duly recorded on September 9, 2004.
Thereafter, the mote and mortgage were assigned three times. The first assignment was dated August 2, 2004, from New Millennium Bank to Countrywide Document Custody Services, and was recorded on September 9, 2004. The second assignment was dated August 17, 2004, from Countrywide Document Custody Services to Countrywide Home Loans, Inc., and was recorded on March 22, 2006. The third assignment was dated August 17, 2004, from Countrywide Home Loans, Inc. to The Bank of New York Trustee under the Pooling and Servicing Agreement Series 2004-24CB, which was recorded on December 7, 2006. The third assignee is the foreclosing plaintiff in the instant action.
On or about November 1, 2009, defendants failed to make the installment payment due and owing on the mote. The *1134 loan went into default status on or about December 1, 2009, a fact that remains undisputed. Two notices of intention to foreclose were sent via United States Postal Service certified mail on December 18, 2009: one to Mona Elghossain and one to George Elghossain (as both NOIs are identical except for the addressee, the two NOIs are hereinafter referred to as "the NOI;" both are appended hereto). There is no dispute that the NOI was properly delivered and received by defendants; rather, defendants dispute the propriety of the NOI as it relates to New Jersey Fair Foreclosure Act compliance.
The controlling New Jersey statute is N.J.S.A. 2A:50-53. Of pertinent part is the statutory prescription for a notice of intention to foreclose:
a. Upon failure to perform any obligation of a residential mortgage by the residential mortgage debtor and before any residential mortgage lender may accelerate the maturity of any residential mortgage obligation and commence any foreclosure or other legal action to take possession of the residential property which is the subject of the mortgage, the residential mortgage lender shall give the residential mortgage debtor notice of such intention at least 30 days in advance of such action as provided in this section.
. . .
c. The written notice shall clearly and conspicuously state in a manner calculated to make the debtor aware of the situation:
. . .
(11) the name and address of the lender and the telephone number of a representative of the lender whom the debtor may contact if the debtor disagrees with the lender's assertion that a default has occurred or the correctness of the mortgage lender's calculation of the amount required to cure the default. [N.J.S.A. 2A:50-56 (emphasis added).]
Defendants assert that plaintiff is in violation of the Fair Foreclosure Act, N.J.S.A. 2A:50-53 to 68, (hereinafter "FFA") by not strictly complying with the NOI schematic, because the identity of the lender was not disclosed. Plaintiff maintains that "there was nothing deficient in plaintiffs NOIs that would have prevented the borrowers from being made fully aware of the situation, or precluding them from curing the default."
The New Jersey Fair Foreclosure Act, enacted in 1995,[1] provides strict guidelines for foreclosing lenders to comply with in order to resolve non-performing loans. Lenders' substantial compliance with the FFA is not enough; strict compliance is required. EMC Mortgage Corp. v. Chaudhri, 400 N.J.Super. 126, 137, 946 A 2d 578 (App.Div.2008). ("A lender's substantial compliance with the contents of a notice of intent, sent by a lender prior to initiation of foreclosure, pursuant to N.J.S.A 2A:50-56(c), was not authorized by the statute's terms.") Further, a borrower cannot waive the rights afforded him under the Fair Foreclosure Act, as such a waiver would be void as against public policy. Id. at 139, 946 A 2d 578.
Additionally, the legislative intent, easily gleaned, cements this point, the Legislature stating:
The Legislature hereby finds and declares it to be the public policy of this State that homeowners should be given *1135 every opportunity to pay their home mortgages, and thus keep their homes; and that lenders will be benefited when residential mortgage debtors cure their defaults and return defaulted residential mortgage loans to performing status.
[N.J.S.A. 2A:50-54.]
Such requirements include strict compliance with the list of required pieces of information that must be included in a proper NOI. At the crux of this dispute is plaintiffs unrefuted non-compliance with N.J.S.A. 2A:50-56(c), which requires that the written notice shall
clearly and conspicuously state ... the name and address of the lender and the telephone number of a representative of the lender whom the debtor may contact if the debtor disagrees with the lender's assertion that a default has occurred or the correctness of the mortgage lender's calculation of the amount required to cure the default.
[(emphasis added).]
In another NOI-challenge case, the lender's failure to send the NOI via certified mail, but instead sending it regular mail, did not result in a dismissal of that case. GE Capital Mortg. Servs., Inc. v. Weisman, 339 N.J.Super. 590, 773 A2d 122 (Ch.Div.2000). Eight years later, however, the Chaudhri court expressed its disapproval of the remedy in Weisman, stating that the Legislature "specifically intended that lenders faithfully comply with the FFA provisions ... the notice provisions are mandatory." Chaudhri, 400 N.J.Super. at 139, 946 A2d 578 (emphasis added).
The Fair Foreclosure Act is clear, unambiguous, and readily comprehensible, (especially to a sophisticated lender): identification of the foreclosing lender must be set forth in the NOI to foreclose.
The FFA specifically requires that the NOI be sent to the defaulting borrower by certified mail and also that the NOI be sent by the residential mortgage lender; here it came from the servicer, and not the lender. In Hammond v. Paterson, the plaintiffs failure to comply with the statutory certified mail notice requirement warranted dismissal on summary judgment, which was upheld on appeal. 145 N.J.Super. 452, 368 A2d 373 (App.Div.1976). Although the method of mail delivery is not at issue here, such a decision reinforces the particularity to which statutory notice requirements must be adhered.
The FFA further provides that the NOI must include the name and address of the lender and the telephone number of a representative of same. N.J.S.A. 2A:50-56. Thus, if there is a servicer, the borrower must be informed of both the lender and servicer's identities.
Plaintiffs contention is that the omission of the lender's identity from the NOI is not fatal to its foreclosure complaint because the name of the servicer, BAC Home Loans, successor to Countrywide, is stated on the NOI, along with BAC Home Loans' contact information. Plaintiff cites a New Jersey statute to broaden the definition of "lender" as "any lawfully constituted mortgage lender, mortgage investor or mortgage loan servicer that owns and is willing to refinance or is authorized to negotiate the terms of the homeowner's mortgage." N.J.S.A. 55:14K-85. Plaintiffs argument is misplaced. The statute referred to is relevant to tenement houses and public housing under the Mortgage and Neighborhood Stabilization Financing Assistance Program, and not the FFA. Legal terminology may vary greatly in its definition from context to context, as is the case here. More importantly, under the FFA, a residential mortgage lender is defined as "any person, corporation, or other entity which makes or holds a residential mortgage, and any person, corporation *1136 or other entity to which such residential mortgage is assigned." N.J.S.A. 2A:50-55 (emphasis added). The mortgage at issue in this case was not assigned to BAC, but rather to Bank of New York, who is the assignee and the holder.
Plaintiffs alternative argument, that it should be allowed to simply re-serve the NOI, is rejected. Merely re-serving the NOI would eviscerate the statute's plain meaning and effectively reward plaintiff for its neglect, regardless of how benign it may appear.
Accordingly, the complaint is dismissed without prejudice.
NOTES
[1] This statutory enactment was amended effective January 14, 2004, but the sections in issue were not modified in any way.