**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2822-20

DEUTSCHE BANK NATIONAL
TRUST COMPANY, as
trustee for GSAA HOME
EQUITY TRUST 2007-5,
ASSET-BACKED CERTIFICATES,
SERIES 2007-5,

     Plaintiff-Respondent,

v.

SANJAY PUROHIT,

     Defendant-Appellant,

and

SHALINI PUROHIT,
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS,
INC., as nominee for
GREENPOINT MORTGAGE
FUNDING, INC.,

     Defendants.

_____

Submitted September 14, 2022 – Decided October 4, 2022

Before Judges Gooden Brown and DeAlmeida.

On appeal from the Superior Court of New Jersey, Chancery Division, Mercer County, Docket No. F-020204-19.

Sanjay Purohit, appellant pro se.

Robertson, Anschutz, Schneid, Crane & Partners, PLLC, attorneys for respondent (Brandon Pack, on the brief).

PER CURIAM

In this residential foreclosure matter, defendant Sanjay Purohit appeals from the May 28, 2021 Chancery Division order denying his motion to vacate the April 12, 2021 final foreclosure judgment in favor of plaintiff Deutsche Bank National Trust Company. Because the record does not establish that plaintiff complied with the Fair Foreclosure Act (FFA), N.J.S.A. 2A:50-53 to -68, by mailing a Notice of Intent to Foreclose (NOI) as required by N.J.S.A. 2A:50-56(a) to (b), we reverse the final judgment and order that the foreclosure complaint be dismissed without prejudice.

We glean these facts from the record. In December 2006, defendant borrowed $600,000 from Greenpoint Mortgage Funding, Inc. by executing a thirty-year note and non-purchase money mortgage on his home in West Windsor Township to Mortgage Electronic Registration Systems, Inc.

(MERS), as nominee for Greenpoint. On September 4, 2009, MERS, as nominee for Greenpoint, assigned the mortgage to plaintiff, which assignment was recorded on September 21, 2009.

Despite executing subsequent loan modification agreements, defendant defaulted on the loan by failing to make the required payment due February 1, 2019, and thereafter. As a result, plaintiff exercised its option to accelerate the loan and, on October 29, 2019, mailed a NOI to defendant at the property address. After defendant failed to cure the default, plaintiff filed a foreclosure complaint on December 11, 2019.

Despite being personally served with the summons and complaint on December 17, 2019, defendant did not file a responsive pleading. After the time for serving an answer expired, plaintiff requested that default be entered for defendant's "failure to plead or otherwise defend." Default was entered as requested. Additionally, on March 2, 2020, plaintiff mailed a Notice to Cure (NOC) to defendant at the property address. Over a year later, on March 5, 2021, plaintiff filed an uncontested motion for final judgment, which the trial court granted in an April 12, 2021 order.

On May 11, 2021, defendant filed a pro se motion to vacate the final judgment and entry of default. In support, defendant submitted a certification

3 <span>A-2822-20</span>

in which he averred that although he "reside[d] at [the] subject property," he never "received a [NOI] nor a [NOC]." Plaintiff opposed the motion and submitted a copy of the October 29, 2019 NOI, which included a printed notation that read, "Sent via Certified Mail," along with a tracking number. Additionally, plaintiff submitted an attorney certification averring that on March 2, 2020, the NOC was sent to defendant at the property address via "certified and regular mail." A tracking printout from the United States Postal Service (USPS) confirmed the mailing and showed that the certified mail was unclaimed.

In a May 28, 2021 order, the judge denied defendant's motion to vacate the final judgment and default. In an accompanying written statement of reasons, the judge explained:

> Plaintiff's counsel establishe[d] that the . . . [NOI] was sent via regular and certified mail on October 29, 2019. In the present application, [d]efendant has not set forth any allegations that would constitute a reason to vacate under Rule 4:50-1. Plaintiff had standing to foreclose as the holder of the [n]ote and the [m]ortgage, and was the assignee of the latter, when the [c]omplaint was filed on December 11, 2019.

In this ensuing appeal, defendant argues the judge "erred and abused [his] discretion by not vacating the [f]inal [j]udgment and [e]ntry of [d]efault"

4

because plaintiff failed to serve him with the NOI and the NOC as required by the FFA.

"Our Rules prescribe a two-step default process, and there is a significant difference between the burdens imposed at each stage." US Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 466 (2012). "When nothing more than an entry of default pursuant to Rule 4:43-1 has occurred, relief from that default may be granted on a showing of good cause." Guillaume, 209 N.J. at 466-67 (citing R. 4:43-3). "When the matter has proceeded to the second stage and the court has entered a default judgment pursuant to Rule 4:43-2, the party seeking to vacate the judgment must meet the standard of Rule 4:50-1." Guillaume, 209 N.J. at 467.

In pertinent part, Rule 4:50-1 permits a court to vacate a final judgment on the following grounds:

> (a) mistake, inadvertence, surprise, or excusable neglect; (b) newly discovered evidence . . . ; (c) fraud . . . ; (d) the judgment or order is void; (e) the judgment or order has been satisfied, released or discharged . . . ; or (f) any other reason justifying relief from the operation of the judgment . . . .
>
> [R. 4:50-1.]

Rule 4:50-1 is "designed to reconcile the strong interests in finality of judgments and judicial efficiency with the equitable notion that courts should

have authority to avoid an unjust result in any given case." Guillaume, 209 N.J. at 467 (quoting Mancini v. EDS, 132 N.J. 330, 334 (1993)).

"The trial court's determination under the rule warrants substantial deference, and should not be reversed unless it results in a clear abuse of discretion." Ibid. "An abuse of discretion 'arises when a decision is made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Kornbleuth v. Westover, 241 N.J. 289, 302 (2020) (quoting Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002)).

The FFA provides that prior to commencing a residential foreclosure action, a lender must provide an NOI to the debtor "at least [thirty] days . . . in advance." N.J.S.A. 2A:50-56(a). The NOI must be "in writing" and "sent to the debtor by registered or certified mail, return receipt requested, at the debtor's last known address, and, if different, to the address of the property which is the subject of the residential mortgage." N.J.S.A. 2A:50-56(b) (emphasis added). Further, the notice is "effectuated on the date the notice is delivered in person or mailed to the party." Ibid.

The FFA also requires a lender to send a NOC to the debtor, which must include the lender's contact information and "the amount required to cure the

default," at least fourteen days before applying for entry of final judgment. N.J.S.A. 2A:50-58(a)(1). The mailing requirements for the NOC are the same as those for the NOI. Ibid.

In Guillaume, our Supreme Court held that when a properly served NOI does not satisfy the requirements of N.J.S.A. 2A:50-56(c)(11), which requires the NOI to include the lender's contact information, a court may "dismiss the action without prejudice, permit a cure or impose such other remedy as may be appropriate to the specific case." Guillaume, 209 N.J. at 458. The Court explained:

> Under the FFA, service of a [NOI] . . . must be effected thirty days "before any residential mortgage lender may . . . commence any foreclosure or other legal action to take possession of the residential property which is the subject of the mortgage." The Legislature did not expressly require dismissal, or otherwise prescribe a remedy, in the event that a notice of intention is timely served but is noncompliant with one or more of the eleven subsections set forth in N.J.S.A. 2A:50-56(c).
>
> [Id. at 476 (emphases added) (citation omitted) (quoting N.J.S.A. 2A:50-56(a)).]

Thus, courts may impose equitable remedies if the contents of an NOI fail to comply with N.J.S.A. 2A:50-56(c). Ibid. However, failure to timely

A-2822-20

serve the NOI in compliance with the FFA cannot be similarly remedied. EMC Mortg. Corp. v. Chaudhri, 400 N.J. Super. 126, 139 (App. Div. 2008).

In Guillaume, the defendants/homeowners argued, among other things, that "the default judgment entered against them should be declared void under Rule 4:50-1(d) because [the plaintiff] failed to comply with the FFA." Id. at 483. The Court disagreed, finding "no basis to declare the default judgment void" because "the omission of information required by N.J.S.A. 2A:50-56(c)(11) from a properly served notice of intention does not deprive the court of jurisdiction to consider a foreclosure action." Ibid. (emphasis added).

In GE Capital Mortgage Services, Inc. v. Weisman, 339 N.J. Super. 590, 592 (Ch. Div. 2000), a Chancery Division judge found the plaintiff could not demonstrate compliance with the FFA's notice requirements by merely submitting "an internal copy of the NOI allegedly sent." Because the plaintiff could not produce "(1) a Postal Service certified mail receipt indicating that plaintiff ha[d] sent the NOI via certified mail to [the] defendants; (2) a Postal Service return receipt verifying that the defendants received the NOI; or (3) a certification of mailing signed by the bank employee who mailed the NOI," the judge required the plaintiff to remedy the deficiency by mailing a new NOI to

the defendants and allowing the defendants thirty days from the date of the new mailing to cure the default. Id. at 595.

In Chaudhri, we agreed with the judge's determination that the plaintiff in GE Capital did not demonstrate "compliance with the FFA notice requirements" but "disapprove[d] of the remedy employed in that case." Chaudhri, 400 N.J. Super. at 139 (citing GE Cap. Mortg. Servs., Inc., 339 N.J. Super. at 592, 595). We stressed that "[t]he Legislature specifically intended that lenders faithfully comply with the FFA provisions" and stated that the foreclosure complaint should have been dismissed without prejudice because although "the lender claimed compliance with the FFA notice requirements, . . . it was unable to produce proof." Ibid. We noted that "the notice provisions are mandatory" and "courts are not free to deviate from the unambiguous statute." Ibid. (citing Cho Hung Bank v. Kim, 361 N.J. Super. 331, 343 (App. Div. 2003)).

Here, defendant certified he never received the NOI. In response, plaintiff submitted a copy of the NOI purportedly sent with a certified mail tracking number printed on the document. Plaintiff did not submit any confirmatory documents from the USPS or certification of mailing averring

that the NOI was sent via certified mail, return receipt requested, as mandated in N.J.S.A. 2A:50-56(b).

"Return receipt service is not automatically part of certified mail service but rather is an optional service." Green v. East Orange, 21 N.J. Tax 324, 334 (2004). When the Legislature chooses to impose a requirement to use the return-receipt-request option for certified mail, as it did in the FFA, we must assume that the requirement is significant and cannot be disregarded. Moreover, we expect that financial institutions would have little difficulty complying with this requirement, and later proving that they had done so by simply retaining the USPS receipt indicating that this option had been purchased. That receipt would satisfy the service requirements of the FFA even in cases where the return is not signed by the addressee. However, partial compliance by using certified mail without the return-receipt-requested option does not satisfy the statutory requirement.

Here, the unverified certified mail tracking number printed on the copy of the NOI submitted by plaintiff in opposition to defendant's motion is insufficient proof that plaintiff sent the NOI in accordance with the FFA's service requirements. Absent from the record is any indication that plaintiff used the requisite return-receipt-requested mailing option. Because plaintiff

did not establish it sent a timely NOI, see N.J.S.A. 2A:50-56(a), the judge lacked jurisdiction to consider the foreclosure action and the judgment is therefore void pursuant to Rule 4:50-1(d).

"A Rule 4:50-1(d) motion, based on a claim that the judgment is void, does not require a showing of excusable neglect but must be filed within a reasonable time after entry of the judgment." Deutsche Bank Nat'l Tr. Co. v. Russo, 429 N.J. Super. 91, 98 (App. Div. 2012). Defendant's motion was filed one month after final judgment was entered. Because we conclude the judge mistakenly exercised his discretion by denying defendant's timely motion, we reverse the decision, vacate the final judgment, and remand for the entry of an order dismissing the foreclosure complaint without prejudice. We note that this remedy "has no effect on the underlying contractual obligations of the parties," Chaudhri, 400 N.J. Super. at 140, and our ruling "does not bar reinstitution of the same claims in a later action." Ibid. (quoting Woodward-Clyde Consultants v. Chem. & Pollution Scis., Inc., 105 N.J. 464, 472 (1987)).

Reversed and remanded for entry of an order consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION