**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5141-17T1

WELLS FARGO BANK, N.A.,

    Plaintiff-Respondent,

v.

RAYMOND C. HERZINGER,
MRS. RAYMOND C. HERZINGER,
his wife, KATHLEEN D. HERZINGER,
MR. HERZINGER, husband of
KATHLEEN D. HERZINGER,

    Defendants-Appellants.

_____

Submitted May 20, 2019 – Decided July 19, 2019

Before Judges Sumners and Susswein.

On appeal from the Superior Court of New Jersey, Chancery Division, Ocean County, Docket No. F-004033-17.

Raymond C. Herzinger and Kathleen D. Herzinger, appellants pro se.

Reed Smith LLP, attorneys for respondent (Henry F. Reichner, of counsel and on the brief).

PER CURIAM

In this residential foreclosure action, defendants Raymond Herzinger and Kathleen Herzinger, appeal from the trial court's order granting plaintiff Wells Fargo's motion for summary judgment and denying defendants' cross-motion to dismiss the foreclosure complaint. Defendants, who appear before us pro se, do not dispute that they were in default of the subject mortgage. Instead, they raise two main contentions: first, that Wells Fargo does not have standing to foreclose on the mortgage because another financial institution, Wachovia Bank, originally made the loan; and second, that Wells Fargo did not serve the Notice of Intent to foreclose (NOI) by registered or certified mail with return receipt requested as required by the Fair Foreclosure Act (FFA), N.J.S.A. 2A:50-53 to -68.

We have considered defendants' contentions in light of the record and applicable legal principles. We find that the trial judge did not abuse his discretion in concluding that plaintiff had adduced competent, admissible evidence that established that Wells Fargo acquired the mortgage loan as a result of its merger with Wachovia Bank and therefore had standing to bring this foreclosure action. However, we agree with defendants that the record before us does not show that Wells Fargo served the NOI by means of certified or

A-5141-17T1

registered mail with return receipt requested, which is explicitly required by N.J.S.A. 2A:50-56(a)-(b). Because this statutory requirement must be strictly enforced, we reverse the grant of summary judgment and order that the foreclosure complaint be dismissed, without prejudice.

I.

On November 18, 2003, defendants executed and delivered a promissory note for $81,200 to Wachovia Bank. To secure the loan, defendants executed a mortgage on their home.

On April 25, 2011, defendants entered into an Installment Loan Modification Agreement with plaintiff Wells Fargo. Defendants defaulted on the loan three years later. On October 18, 2016, plaintiff sent NOIs to defendants at the mortgaged property by certified and regular mail. Defendants never cured the default.

Plaintiff filed a foreclosure complaint against defendants on February 17, 2017, and eight months later filed a motion for summary judgment. On October 23, 2017, defendants filed a cross-motion to dismiss the foreclosure complaint.

On October 26, 2017, a trial judge granted plaintiff's motion for summary judgment. On November 17, 2017, he denied defendants' cross-motion to

A-5141-17T1

dismiss. The trial judge addressed both motions in a combined statement of reasons that he issued on November 17, 2017.

On May 3, 2018, plaintiff moved for entry of final judgment, which was granted on May 29, 2018. The following day, defendants filed a motion to fix the amount due to zero. The court denied that motion on June 22, 2018.

II.

We first address whether the NOI was served in compliance with the FFA, and if not, whether the foreclosure complaint should be dismissed.[1] "On appeal, we engage in de novo review from a trial court's decision to grant or deny a motion to dismiss filed pursuant to Rule 4:6-2(e)." Smith v. Datla, 451 N.J.

---

[1] The trial judge's written decision on November 17, 2017, treats defendants' motion to dismiss as merely revisiting the decision to grant summary judgment in plaintiff's favor. We would note that the trial judge's assumption that proper service of the NOI was not disputed is incorrect in view of defendant's objections to plaintiffs' statement of undisputed facts. See footnote 2. To the extent that this material fact is very much in dispute, we question whether the standard for summary judgment had been met. See Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995). However, we chose to address the NOI service issue in the context of defendants' motion to dismiss the foreclosure complaint, rather than defendants' opposition to plaintiff's motion for summary judgment. Were we merely to reverse the grant of summary judgment, the remedy would be to remand the case for trial. As we will explain momentarily, we do not believe that is the appropriate remedy in the face of a violation of the FFA.

Super. 82, 88 (2017) (citing Rezem Family Assoc., LP v. Borough of Millstone, 423 N.J. Super. 103, 114 (App. Div. 2011)).

We start our analysis by noting that plaintiff asserts that, "the Borrowers [defendants] have never denied receipt of the NOI." Defendants refute that assertion in their reply brief and note that they denied receiving the NOI in their objections and responses to plaintiff's statement of undisputed facts.[2] Because we can find nothing in the record to support plaintiff's contention that the NOI was actually received, for purposes of this appeal, we assume that the alleged defect in the service of the NOI is not an academic issue.

The FFA promulgates strict foreclosure guidelines that lenders must comply with as they attempt to resolve non-performing loans. In U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449 (2012), the Supreme Court emphasized the important function of the NOI as part of the foreclosure process, explaining that "[t]he [NOI] is a central component of the FFA, serving the important legislative objective of providing timely and clear notice to homeowners that immediate action is necessary to forestall foreclosure." Id. at 470.

---

[2] Plaintiff's Statement of Undisputed Facts asserts that the NOI was "mailed by certified mail, return receipt requested, and regular mail. . . ." Defendant's Response to that specific assertion was: "Defendants deny this statement." The response also states, "There is no return receipt card that supports [p]laintiff's assertion."

The FFA specifically and explicitly prescribes that a residential mortgage lender must serve a NOI to file foreclosure proceedings "by registered or certified mail, <u>return receipt requested</u>." N.J.S.A. 2A:50-56(a)-(b) (emphasis added). We must assume that when the Legislature included the language "return receipt requested" in the FFA, it did so carefully, opting to impose a requirement that goes beyond the rule of general application in civil cases that permits service by regular mail, and that creates a presumption that a notice was received if it was mailed to the correct address. <u>See e.g.</u>, <u>Hammond v. City of Paterson</u>, 145 N.J. Super. 452, 456 (App. Div. 1976) (holding that the Legislature, in requiring "actual receipt" of notice in the Tort Claims Act when certified mail is not used, "clearly did not mean to leave proof of actual receipt to a presumption."); <u>see also</u> <u>Intile Realty Co., Inc. v. Raho</u>, 259 N.J. Super. 438, 454 (Law. Div. 1992) (holding that "[n]o presumption of receipt will arise from mailing by ordinary mail where the statute prescribes registered mail.").

In <u>Hammond</u>, we noted that, "[i]t is evident from the tenor of the Tort Claims Act that the Legislature considered the receipt of notice of fundamental importance." 145 N.J. at 455. We also observed that it is clear from case law "[t]hat statutory requirements for giving notice in a particular fashion must be

strictly followed." Ibid. This principle, of course, applies not only to the Tort

Claim Act, but to the FFA as well.

Indeed, the FFA provision governing the service of notice goes further by

explicitly requiring not just certified mail, but certified mail return receipt

requested. It bears noting that this is a special, enhanced requirement as the

Legislature does not always prescribe that notices and pleadings be mailed with

a return receipt request as a condition of satisfactory service. In Green v. East

Orange, 21 N.J. Tax 324 (2004), for example, the Tax Court relied on the fact

that N.J.S.A. 54:4-34 – a  statute governing tax assessment matters – does not

incorporate a return-receipt requirement, but rather only requires that a tax

assessor's request for information be made by certified mail.[3] Id. at 334.

When the Legislature chooses to impose a requirement to use the return-

receipt-request option for certified mail, as it did in the FFA, we must assume

that the requirement is significant and cannot be disregarded. We expect,

moreover, that financial institutions would have little difficulty complying with

---

[3] The court in Green explained the difference between a delivery receipt (which is maintained by the United States Postal Service (USPS)) and a return receipt (which is returned to the sender). "Return receipt service is not automatically part of certified mail service but rather is an optional service." 21 N.J. Tax at 334. This optional service provides a mailer with evidence of delivery. Ibid. (quoting 58 Domestic Mail Manual § S915.1.1 (2003)).

this requirement, or later proving that they had done so simply by retaining the USPS receipt indicating that this option had been purchased. That receipt would satisfy the service requirements of the FFA even if it should turn out that the return is not signed by the addressee. This mailing option thus protects the interests of lenders as well as borrowers.

In GE Capital Mortg. Services, Inc. v. Weisman, 339 N.J. Super. 590 (Ch. Div. 2000), a case involving foreclosure pursuant to the FFA, the Chancery Division judge addressed the borrower's challenge to the lender's policy of mailing NOIs solely by means of first class mail.[4] The court concluded that the lender's inability to provide proof demonstrating service was a violation of the FFA. Id. at 592-594. The Chancery Division judge determined that the appropriate remedy was to order the lender to forward a new NOI by certified mail, return receipt requested, within ten days. Id. at 595. In E.M.C. Mortg. Corp. v. Chaudhri, 400 N.J. Super. 126, 137 (App. Div. 2008), we rejected that approach, noting that "[w]e disapprove of the remedy employed in that case [GE Capital Mortg. Services, Inc.], and reinforce the statutory mandate that lenders

---

[4] The FFA violation in GE Capital Mortg. Services, Inc., was the use of regular mail rather than certified or registered mail. The court in that case did not have occasion to address the use of certified mail without a return receipt request. See footnote 3.

send proper notice. . . ." 400 N.J. Super. at 139. We concluded that the proper remedy for the FFA violation in <u>Chaudhri</u>, was dismissal of the foreclosure complaint, without prejudice, explaining that, "[w]e concur with the trial judge's dismissal, without prejudice, of [a lender's] foreclosure complaint due to the failure to send the notice of intent to foreclose prior to commencing suit. As we noted, the notice provisions are mandatory." <u>Ibid.</u> We further emphasized that, "[t]he Legislature specifically intended that lenders faithfully comply with the FFA provisions. . . . Accordingly, courts are not free to deviate from the unambiguous statute." <u>Ibid.</u>

We derive two important legal principles from these precedents. First, the explicit procedural provisions of the FFA are to be enforced strictly; partial compliance (e.g., using certified mail without the return-receipt-requested option) is not sufficient. Second, the remedy for a lender's noncompliance is dismissal of the foreclosure complaint, without prejudice.

### III.

We now apply those principles to the case before us. In his November 17, 2017 statement of reasons for denying defendants' motion to dismiss, the trial judge found that "[o]n October 18, 2016, Notices of Intention to Foreclose, mailed by certified mail, <u>return receipt requested</u>, and regular mail were

forwarded to RAYMOND C. HERZINGER and KATHLEEN D. HERZINGER." (emphasis added). Presumably, the trial judge was relying on the plaintiff's Statement of Undisputed Facts. See footnote 2. However, plaintiff's assertion is not supported by any document or certification that was provided in the course of discovery. Plaintiff provided a copy of the NOI, but without written proof that it was mailed with return receipt requested. Furthermore, plaintiff provided a certification by the Vice President of Loan Documentation for Wells Fargo, that states that "[a] notice of intent to foreclose was mailed to [defendants'] last known address and, if different, to the address of the property by regular and certified mail, at least thirty days before filing of the [c]omplaint for foreclosure. A true copy of the [NOI] is attached . . . ." Conspicuously absent from this certification is any mention that Wells Fargo used the return-receipt-requested mailing option.

In sum, our review of the record fails to disclose a basis for the judge's finding that the NOI had been sent by certified mail with the return-receipt-request option offered by USPS. We therefore conclude that the record on appeal fails to establish that plaintiff complied with N.J.S.A. 2A:50-56(a)-(b), and fails to establish that defendants actually received the NOI.

Plaintiff nonetheless contends that defendants did not make the return-receipt-requested argument to the trial court as part of their motion to dismiss, thereby waiving that argument and the right to appellate relief for plaintiff's noncompliance with the FFA. Before addressing plaintiff's waiver argument, we note that the parties do not agree on whether the NOI service issue was raised at the trial court level. This dispute cannot be resolved simply by looking at the point heading in defendants' pro se appellate brief, which asserts that this issue was raised below. See R. 2:6-2(a)(1) (appellant's brief must include a statement in parentheses at the end of the point heading if the issue was not raised below). Accordingly, we have carefully reviewed the record.

In the original answer to the foreclosure complaint, defendants asserted as an "affirmative defense" that, "[p]laintiff did not plead the facts mailing [sic] a 'Notice of Intention to Foreclose' to [d]efendants that is in full compliance [with] the Fair Foreclosure Act." In their objections and responses to plaintiff's statement of undisputed facts, which defendants filed on October 19, 2017, defendants denied plaintiff's statement of undisputed fact that the NOI was mailed by certified mail, return receipt requested, and specifically noted that, "[t]here is no return receipt card that supports [p]laintiff's assertion."

However, it also appears that defendants did not assert the return-receipt-request deficiency in the memorandum of law they submitted to the trial court on October 19, 2017, in support of their motion to dismiss. Rather, the only argument in the memorandum pertaining to the NOI is that it did not disclose the actual lender, which seems to be a reiteration of the standing/merger issue. Furthermore, the trial court's statement of reasons for denying defendant's motion to dismiss makes no mention of a dispute with regard to the method by which the NOI was served. To the contrary, as we have already noted, the judge's statement of reasons finds that the NOI had been "mailed by certified mail, return receipt requested" as if that were an undisputed fact, as plaintiff had asserted.

In these circumstances, and despite defendants' failure to include this argument in their memorandum of law, we believe that the trial court was on notice that the method of service was disputed by reason of the defendants' October 19, 2017, objections to the plaintiff's statement of undisputed facts. The court therefore should not have accepted the plaintiff's unsupported claim that the NOI had been sent by certified mail, return receipt requested. See footnote 1 (explaining that the trial court viewed defendants' motion to dismiss as a reiteration of their opposition to plaintiff's motion for summary judgment, which

ought not have been granted if a material fact was disputed). We nonetheless appreciate that as a practical matter, the trial court had no way to know that defendants were relying on the defective-service argument as a basis for dismissing the foreclosure complaint. Having submitted a memorandum of law/brief in support of their motion, it was incumbent upon defendants to present this argument in the memorandum, or at least mention it.

Even if we were to conclude that the issue was not properly raised before the trial court as part of defendants' motion to dismiss, we would decline to hold that defendants waived their right to challenge the foreclosure based on plaintiff's noncompliance with the FFA. Plaintiff cites to N.J. Div. of Youth & Family Services v. M.C. III, 201 N.J. 328 (2010), for the general proposition that "issues not raised below will ordinarily not be considered on appeal unless they are jurisdictional in nature or substantially implicate the public interest." Id. at 339. We agree, of course, that this is the general rule governing appellate practice. However, an issue not raised below may be considered if it meets the plain error standard, or is otherwise of special significance to the public or the goal of achieving substantial justice. See e.g., State v. Romero, 191 N.J. 59, 80 (2007). Furthermore, the general rule need not apply where an issue was raised in the trial court but the argument before the trial court was based on a different

13

theory from that advanced in the appellate court. See <u>Docteroff v. Barra Corp.</u> <u>of America, Inc.</u>, 282 N.J. Super. 230, 237 (App. Div. 1995).

In this instance, we find that the exception expressly recognized in the case that plaintiff relies upon, <u>M.C. III</u>, applies. As the case law makes clear, strict compliance with the FFA's procedural provisions is required precisely because those requirements substantially implicate the public interest. In <u>Chaudhri</u>, we held in this regard that,

> [t]he Legislature specifically intended that lenders faithfully comply with the FFA provisions and articulated that "[w]aivers by the debtor of rights provided pursuant to [the FFA] are against public policy, unlawful, and void, unless given after default pursuant to a workout agreement in a separate written document signed by the debtor." N.J.S.A. 2A:50-61. Accordingly, courts are not free to deviate from the unambiguous statute.
>
> [400 N.J. Super. at 139].

In view of the precedents that require us to strictly enforce the FFA notice requirements, coupled with the explicit text of the FFA that does not allow for the implied waiver of its procedural protections, <u>see</u> N.J.S.A. 2A:50-61, we are not prepared to hold that pro se defendants relinquished those protections because they failed to re-assert the statutory violation in their motion to dismiss

14

after having characterized it as an affirmative defense in the pleadings stage.[5] Because the record before us does not establish that plaintiff complied with the FFA when it served notice of its intention to foreclose, and does not otherwise establish that defendants actually received it, we are constrained to reverse the grant of summary judgement for plaintiff and remand with instructions to dismiss the foreclosure complaint, without prejudice. We note that this remedy has no effect on the underlying contractual obligations of the parties and our ruling does not bar reinstitution of the same claims in a later action. See Chaudhri, 400 N.J. Super. at 140.

IV.

In view of our decision to dismiss the foreclosure complaint, without prejudice, we need only briefly address defendants' argument that plaintiff failed to present competent, admissible evidence of a merger between Wells Fargo and

---

[5] We recognize that as a general matter, a defense or issue raised in the initial pleadings is waived if the party fails to litigate the issue after the pleadings stage. See Mancini v. Twp. of Teaneck, 179 N.J. 425, 433 (2004) ("A mere one-time mention of laches in a defendant's answer is insufficient to preserve it through the span of litigation."); Williams v. Bell Tel. Laboratories Inc., 132 N.J. 109, 118 (1993) (defendant "waived the statute-of-limitations defense by its failure to assert that defense at any stage of the proceedings after pleading the statute in its [a]nswer."). In the circumstances of this case, we view this general principle, like the one set forth in M.C. III, to be subject to the caveat that an issue need not be deemed to have been waived if that issue substantially implicates the public interest.

A-5141-17T1

Wachovia. We are satisfied that the trial court did not abuse its discretion when it accepted a certification from the Wells Fargo Vice President for Loan Documentation, in support of plaintiff's assertion that it was in possession of the note prior to the filing of the foreclosure action by reason of the merger of Wells Fargo and Wachovia Bank. The certification, the court found, established the basis of the affiant's knowledge, identified the source of the knowledge, and authenticated the attached documents. The court also found that the certification satisfied the business records exception to the hearsay rule under N.J.R.E. 803(c)(6).

A trial judge's evidentiary decisions made in the context of a summary judgment application are reviewed under the abuse of discretion standard. Estate of Hanges v. Metro. Prop. & Cas. Ins. Co., 202 N.J. 369, 383-84 (2010). In view of the trial judge's thorough and well-reasoned analysis, we have no basis to disturb his conclusion that plaintiff acquired the loan as a result of the Wells Fargo-Wachovia merger and therefore had standing to bring the foreclosure action. We would only add, from an equity perspective, that it is not disputed that defendant entered into an Installment Loan Modification Agreement with Wells Fargo in April 2011 – after the merger was completed. Having negotiated with Wells Fargo to modify the loan terms, defendants are

16

hard pressed to argue that Wells Fargo had not acquired the loan and the right to enforce it.

To the extent that we have not specifically addressed any arguments raised by the parties, we find they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Reverse and remand. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

17

A-5141-17T1